UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES, in their capacities as Trustees of the CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, CEMENT MASONS VACATION/HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA, CEMENT MASONS APPRENTICESHIP AND TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>    Plaintiffs,<br><br>  v.<br><br>S L R CONCRETE CONSTRUCTION, INC., A California Corporation,<br><br>    Defendant. | No.09-2005 SC<br><br>ORDER REQUIRING DEFENDANT TO SUBMIT TO AUDIT; DENYING <u>DEFAULT JUDGMENT</u> |

**I.   INTRODUCTION**

Before the Court is the Motion for Default Judgment ("Motion") submitted by Plaintiffs Board of Trustees of the Cement Masons Health and Welfare Trust, et al. ("Plaintiffs"). Docket No. 13. Defendant S L R Concrete Construction, Inc. ("SLR"), was duly notified of these proceedings, but has not participated. <u>See</u> Proof of Service, Docket No. 4. An Entry of Default as to SLR has been filed. Docket No. 7.

1    Although the Court concludes that Plaintiffs may be entitled
2    to default judgment as to the amount at issue, Plaintiffs have
3    requested that this Court enforce Plaintiffs' contractual right to
4    audit SLR's records pertaining to a significant amount at issue in
5    this dispute.  The Court concludes that the audit is appropriate,
6    and ORDERS SLR to comply with an audit by Plaintiffs' auditors.
7    However, given the need for an audit and the possibility that the
8    amount due to Plaintiffs might be affected by this audit, the
9    Court concludes that a final default judgment would be premature.
10   Plaintiffs may submit a second motion for default judgment after
11   the audit of SLR's records is complete.

## II. **BACKGROUND**

In 2005, SLR executed an agreement with Plaintiffs, binding it to a collective bargaining agreement.  See John Hagan Decl. Exs. A ("CBA"), B ("Mem. of Agreement").[1]  Plaintiffs contend that SLR is bound by the CBA to abide by the Cement Masons Master Agreement, Hagan Decl. Exs. C, D (collectively, "Master Agreements"), and the requirements of the Employee Retirement Income Security Act of 1974 ("ERISA").  Compl., Docket No. 1, at 2.  SLR is thereby required to make monthly payments to Plaintiffs on behalf of SLR's employees, in amounts that are determined according to the hours worked by SLR's employees.  Id. at 3.

Plaintiffs allege that SLR has missed a number of payments

---

[1] John Hagan ("Hagan"), Accounts Receivable Manager for the Laborers Funds Administrative Office of Northern California, submitted a declaration in support of the Motion.  Docket No. 15.

2

1  that have become due under the Master Agreements.  Id. at 3-4.
2  Plaintiffs filed their Complaint in May of 2009, seeking the
3  payments due, liquidated damages, attorney fees, an order that SLR
4  submit to a contractually required audit to determine if
5  additional fees are due, and an order requiring SLR to timely
6  submit all required monthly contribution reports.  Compl. at 6.

**III. LEGAL STANDARD**

After entry of default, the Court may enter a default judgment.  Fed. R. Civ. P. 55(b)(2).  The default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Id. 54(c).  The Court's decision whether to enter a default judgment, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors.  First, the Court must "assess the adequacy of the service of process on the party against whom default is requested."  Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. C-00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).  If the Court determines that service was sufficient, it may consider the following factors, if present, in its decision on the merits of a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The

general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." <u>Geddes v. United Fin. Group</u>, 559 F.2d 557, 560 (9th Cir. 1977). Therefore, for the purposes of this Motion, the Court accepts as true the facts as alleged in the Complaint.

**IV. DISCUSSION**

Plaintiffs properly served SLR with the Complaint and Summons in this action on May 23, 2009. <u>See</u> Proof of Service. The Proof of Service indicates that the documents were delivered to Laura Romanazzi, who is recorded with the California Secretary of State as SLR's designated agent for service. <u>Id.</u>; Hagan Decl. Ex. E. This service complies with Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure.

Accepting the allegations in the Complaint as true, as it must, the Court finds that the <u>Eitel</u> factors favor default judgment. The Plaintiffs' substantive claims appear solid on the merits, and are pled sufficiently in the Complaint. Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA") gives the participants and beneficiaries of an ERISA-governed pension plan a cause of action in federal court where an employer violates the terms of the plan. <u>See</u> 29 U.S.C. § 1132(a)(1)(B), (a)(3). Plaintiffs have further shown that, by failing to make timely contributions, SLR has violated the terms of the CBA and Master Agreements. Mot. at 2. It is unlikely that there can be a dispute over any of the factual issues that cannot

be resolved by reference to SLR's own records, which Plaintiffs now seek to access. Part of the amount of money at issue will be based upon these records. The rest of the amount that Plaintiffs are seeking is recorded in the Complaint, which SLR has declined to challenge; Plaintiffs have demonstrated or will demonstrate that they are entitled by contract to this amount.[2]

SLR's default cannot be said to be the result of excusable neglect. As previously noted, SLR was properly served. While it is preferable to decide cases on the merits whenever possible, this preference is not dispositive. Where a party fails to defend against a complaint, as SLR has failed to do here, Rule 55 authorizes the Court to enter default judgment. <u>Kloepping v. Fireman's Fund</u>, No. C 94-2684, 1996 U.S. Dist. LEXIS 1786, at *10 (N.D. Cal. Feb. 14, 1996).

Plaintiffs have submitted evidence (based on a prior audit of SLR's records) that SLR is delinquent in the amount of $3925.42 for the period between August of 2005 and June of 2007. Mot at 3-4; Hagan Decl. ¶ 11, Ex. F. Plaintiffs calculate that they are entitled to liquidated damages and interest totaling $8125.01 for this period. Hagan Decl. ¶ 11, Ex. G. Although Plaintiffs have firmly established that SLR owes the base amount due for this period ($3925.42), they have not cited to the portions of the agreements, or the rate-setting decisions of the various funds, that set the amount of liquidated damages or interest rates. This makes it difficult for the Court to independently confirm

---

[2] The Court notes that Plaintiffs have apparently sought to enforce less than the full amount stated in the Complaint.

Plaintiffs' liquidated damage calculations. When Plaintiffs submit a second motion for default judgment, they must include enough information to allow the Court to independently confirm their liquidated damages calculations.

Plaintiffs have also submitted evidence that SLR has reported that it owes Plaintiffs an additional $13,151.50 for the period between December of 2008 and February of 2009. Id. ¶ 13, Ex. H. The liquidated damages for this period have been calculated at $6840.54. Id. ¶ 13, Ex. I. Plaintiffs request that the Court order SLR to submit to an audit for this period. Plaintiffs have demonstrated that they are contractually entitled to such an audit upon a written request by Plaintiffs. See Master Agreements § 8(g). Under 29 U.S.C. § 1132(g)(2)(E), this Court is authorized to award whatever equitable relief it deems appropriate. The Court GRANTS Plaintiffs' request for this injunctive relief.

Hagan has attested to the importance of conducting an audit for the period between December of 2008 and February of 2009. Hagan Decl. ¶ 18. While the Court believes that Plaintiffs have submitted sufficient documents to establish that SLR is liable in the amount of $17,076.92 (the total base amount due for all periods at issue), the Court finds it inappropriate to grant judgment based on this amount before Plaintiffs have completed their audit. In addition, the Court expects that Plaintiffs will be able to claim an additional $14,965.55 in liquidated damages after they submit further documentary support for this figure; this amount may also be altered by Plaintiffs' audit of SLR's records. The Court therefore finds that judgment in this matter

-- including Plaintiffs' request for attorney fees -- is premature.

### V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' Motion for Default Judgment without prejudice. Plaintiffs must serve SLR with this Order in a manner that complies with the requirements for service of summons and complaints set out in Rule 4 of the Federal Rules of Civil Procedure.

SLR is ORDERED to submit to an audit by the auditors selected by Plaintiffs at SLR's premises during business hours, or where the records are kept, by scheduling within twenty (20) days of the date that SLR is served with this Order, an appointment with Plaintiffs' auditor, in accordance with the auditors' availability. SLR shall permit the auditor to review all records that are relevant to enforcement of the Collective Bargaining Agreement and Master Agreements. Upon completion of the audit of SLR's records, Plaintiffs may submit to this Court a second motion for default judgment. Any request for attorney fees must be in accordance with the local rules.

IT IS SO ORDERED.

December 9, 2009

_____
UNITED STATES DISTRICT JUDGE

7